Adams, J.
Plimpton and Taylor were partners for about six months in the retail coal business under the firm name of The Taylor Coal Company.
Plimpton’s action is for a dissolution of the partnership and for an accounting.
In a second cause of action he seeks to charge The Zettelmeyer Coal Company with $350, the value of wagons, horses, office furniture and a lease, the property of the partnership, sold to it by Taylor without the knowledge or consent of Plimpton.
The coal company admitted the purchase, but denied all other allegations.
• The account between Plimpton and Taylor has been settled, and counsel agree that there is a sum due Plimpton from Taylor greatly in excess of $350, and Plimpton has paid the debts of the partnership. The lease was in Taylor’s name: As a matter of law he had no right to sell any of this property without Plimpton’s consent because it was not property held for sale in the ordinary business of the firm.
Plimpton did not consent, and had no knowledge. On the other hand the Zettelmeyer Coal Company had no actual knowledge that Plimpton was a partner, but the com *261 pany did know that the business was carried on in the name of the Taylor Coal Company, and its officer had his suspicions aroused as to Taylor’s ownership, but relied on Taylor’s statement that he was the owner, and the fact that Taylor’s name alone, appeared on the lease.
Hile & Horner, for Plaintiff.
Aikey & Sanders; Sanders & Wilson; J. F. Clark; Wilcox & Friend, for Defendant.
In 12 Peters, 221, the holding is made that want of knowledge on the part of one taking firm property of this character from one partner, does not relieve from liability, While in 124 Mass., 1, it is held, that where one partner places the business in charge of the other, and the managing partner sells such property to a purchaser.for value who does not know of the partnership, the sale is valid, on the ground that between two innocent parties that one must suffer who placed it in the power of the third party to do the wrong.
In this case we are not compelled to determine which case we would follow. The controlling fact here is,that the business was done in the name of “The Taylor Coal Company.” That name puts the would-be purchaser on inquiry as to who compose the Taylor Coal Company. Is it a corporation? Is it a partnership? And if he purchases from one partner without the knowledge or consent of the other, property of. the firm, other than that in which the firm is dealing, he does so at his peril,
There may be the same decree entered as in the common pleas.